THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| SAFEWAY INC., | ) | Case No.  2:02CV1216 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION ADDRESSING DEFENDANTS' OBJECTION TO THE PROPOSED FORM OF JUDGMENT |
| CONSONUS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

After the jury returned a verdict for Plaintiff Safeway, a proposed form of judgment was prepared by Safeway and submitted to Defendants Union Pointe and Alarm Control for approval pursuant to DUVivR 54-1(b).  In response, Defendants filed a Joint Objection to the Proposed Judgement objecting to the award of prejudgment interest, because "[t]he total amount of damages claimed by Safeway was not known until the time of trial and the amount of damages incurred by Safeway was not mathematically certain and could only be determined by the jury."  Joint Objection at 4.

Prejudgment interest questions in diversity cases are governed by state law.  *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1156 (10th Cir. 2000).  The basic principles of Utah law relative to awarding prejudgment interest are not in

dispute. *In Smith v. Fairfax Realty, Inc.*, 82 P.3d 1064,1068-1070 (Utah 2003), *cert. denied*, 541 U.S. 960 (2004), the Utah Supreme Court repeated these legal principles.

> As established nearly a century ago in *Fell v. Union Pacific Railway Co.*, Utah courts award prejudgment interest in cases where "damages are complete" and can be measured by "fixed rules of evidence and known standards of value." 32 Utah 101, 88 P. 1003, 1007 (1907); ...
> ...
> In *Fell*, this court stated:
>
>> The true test to be applied as to whether interest should be allowed before judgment in a given case or not is, therefore, not whether the damages are unliquidated or otherwise, but whether the injury and consequent damages are complete and must be ascertained as of a particular time and in accordance with fixed rules of evidence and known standards of value, which the court or jury must follow in fixing the amount, rather than be guided by their best judgment in assessing the amount to be allowed for past as well as for future injury, or for elements that cannot be measured by any fixed standards of value.
>
> 88 P. at 1007. ... Thus, we do no require that damages necessarily be liquidated, but we deny awards of prejudgment interest in cases where damage amounts are to be determined by the broad discretion of the jury. "In all personal injury cases, ... cases of death by wrongful act, libel, slander, false imprisonment ... and all cases where the damages are incomplete and are peculiarly within the province of the jury to assess at the time of the trial, no interest in permissible." Id. at 1006.
> ...
>
> This court concluded, in two of the first cases interpreting *Fell*, that fair market valuations of real property are within the category of damages upon which prejudgment interest may properly be awarded. *See San Pedro, Los Angeles & Salt Lake R.R. Co. v. Bd. of Educ.*, 35 Utah 13, 99 P. 263 (1909); *Kimball v. Salt Lake City*, 32 Utah 253, 90 P. 395 (1907). Both San Pedro and Kimball involved damages in the form of diminution of

> value to real property. ...In both cases, the jury was asked to determine the amount of diminution in the fair market value of the relevant property based on the evidence presented. Prejudgment interest was then allowed on the fair market value of the diminution.
>
> Similarly, in the present case, damages resulted from the loss of real property ... and assessing the amount of loss involved a fair market valuation of the property. Hence, the language from *San Pedro* is applicable:
>
>> We, therefore, have a case in which, for the purpose of fixing damages, the injury is complete; the damages are ascertained by the ordinary rules of evidence and according to a know standard or measure of value. And all this must be determined from competent evidence, which is binding upon both the court and jury. The jury, therefore, only had a right to exercise their judgment within the limits of the evidence upon the question of value. It is not a case where it was left to the jury to determine the amount of damages from a mere description of the wrongs done or injuries inflicted whether to person, property or reputation.
>
> 99 P. at 267.

*See also, Uinta Pipeline Corp. v. White Superior Co.*, 546 P.2d 885, 887 (Utah 1976)("[t]here can be no question about the propriety of allowing interest for the destruction of personal property prior to judgment where value can be measured by facts and figures").

The court agrees with Safeway that its "damages were complete before trial and could be ascertained as of a particular time in accordance with fixed rules of evidence and known standards of

3

value." Plaintiff's Response to Joint Objection at 3. Plaintiff's computer system was damaged on February 6, 2002. After attempting to salvage the system, Safeway elected to purchase a replacement system. Prior to the case being submitted to the Jury, the parties stipulated to the amount of Safeway's recovery costs associated with the damaged computer system, as well as to Safeway's cost to replace the computer system with a new system. Even had the parties not stipulated, Safeway's damages were fixed and the amount of damages could have been ascertained by the jury from the facts and figures available. Defendants claimed at trial, and apparently the jury agreed, that they were entitled to an offset against the replacement cost of the new system because the replacement computer was an improvement over the damaged computer system. In sum, it is clear that prior to trial the damage suffered by Safeway was complete and ascertainable "by the ordinary rules of evidence and according to a known standard or measure of value", *Smith*, 82 P.3d at 1069 (quoting *San Pedro*, 99 P. at 267), such that Safeway is entitled to an award of prejudgment interest.

Defendants' argument, that allowing prejudgment interest may result in an inequitable windfall, is irrelevant for the reasons generally discussed in Safeway's responsive pleading. Defendants also assert that prejudgment interest should be awarded, not from the date of the incident that damaged Safeway's computer, but from

4

the date that Safeway actually had to pay for its replacement computer system. Safeway argues that its damages were fixed as of February 6, 2002, the date the Inergen Fire Suppression System discharged, even if the total extent of its damages were not known until later, and that it is entitled to prejudgment interest from that date.

The court agrees with Safeway. The general rule is that "where the damage is complete and the amount of loss is fixed as of a particular time, and that loss can be measured by facts and figures, interest should be allowed from that time." *Bjork v. April Industries, Inc.*, 560 P.2d 315, 317 (Utah), *cert. denied*, 431 U.S. 930 (1977). For purposes of fixing loss, the damage to Safeway's computer system was complete on February 6, 2002. Its loss was fixed as of that date even though the facts and figures necessary to measure that loss were developed over subsequent months. Utah law does not require that damages be liquidated for prejudgment interest to attach, but only that the damages be complete and measurable by facts and figures. In the court's view, such was the case here.

For the forgoing reasons, as well as for those reasons set forth in Safeway's responsive pleading, the court concludes that Safeway is entitled to prejudgment interest from February 6, 2002, to the date of judgment.

DATED this 10th day of May, 2005.

BY THE COURT:


_s/David Sam_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT